IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIK MITCHELL, a minor, by his grandmother and next friend, Beverly Harris )))) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 08 C 2166 |
| v. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Malik Mitchell, seeks review of the final decision of the Commissioner ("Commissioner") of the Social Security Administration ("Agency") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1382c. Malik asks the court to reverse and remand the Commissioner's decision, while the Commissioner seeks an order affirming the decision. Because the Administrative Law Judge rendering the decision in this matter failed to discuss the administrative hearing testimony or make a credibility determination as to that testimony, the case must be remanded to the Commissioner for further proceedings.

I.
BACKGROUND

A.
The Application and Denials

Malik's grandmother, Beverly Harris, filed an SSI application on his behalf on March 21, 2005, alleging that he had been disabled since January 1, 2002, due to attention deficit

hyperactivity disorder ("ADHD") and vison problems. (Administrative Record ("R.") 15, 77). The application was denied initially and upon reconsideration. (R. 30-34, 38-42). Malik's grandmother continued pursuit of the claim by filing a timely request for hearing on December 8, 2005. (R. 43).

An administrative law judge ("ALJ") convened a hearing on July 12, 2006, at which Malik and his grandmother, represented by counsel, appeared and testified. (R. 310-351). On February 22, 2007, the ALJ issued a decision denying Malik's application for SSI because Malik did not have an impairment or combination of impairments that met or equaled the Listings. (R. 12-27).

## B.
## The ALJ'S Decision

The ALJ stated that Malik, born on April 18, 1996, was a school-aged child on the date of his SSI application, and on the date of his decision. (R. 18). He found that he suffered from a severe impairment: attention deficit hyperactivity disorder ("ADHD"). (R. 18). The ALJ concluded that Malik's impairments did not meet or equal the requirements of any listed impairment, specifically Listing 112.12 for ADHD. (R. 18). The ALJ noted that Malik received poor grades and had performed below average on standardized tests. This was tempered by his improvement through the fourth grade. The ALJ further noted that Malik's IQ was within the average range. The ALJ also recounted Malik's behavioral and attention problems, and his course of therapy to deal with those issues. (R. 18-20).

The ALJ then determined that there was no functional equivalence to a listed impairment, specifically finding that Malik had no limitation in "acquiring and using information" (R. 22-23);

a less than marked limitation in "attending and completing tasks" (R 23-24); a less than marked limitation in "interacting and relating with others" (R 23-24); no limitation in "moving about and manipulating objects" (R. 25); no limitation in "caring for self" (R 25-26); and no limitation in "health and physical well being." (R 26). As a result of these findings, the ALJ concluded that Malik was not disabled and, therefore, was not entitled to SSI.[1] This became the final decision of the Commissioner when the Appeals Council denied Malik's grandmother's request for review of the decision on February 19, 2008. (R. 4-6). *See* 20 C.F.R. §§ 404.955; 404.981. Malik and his grandmother have appealed that decision to the federal district court under 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Despite having held a hearing where Malik's grandmother, Ms. Harris, testified regarding Malik's problems – the hearing lasted an hour – the ALJ made no assessment of her testimony. Instead, he accepted three or four of her comments – Malik got along with adults; his behavior improved with behavior modification; he plays basketball, video games and cares for his own grooming and does household chores (R. 25-26) – but made no mention of the rest of her testimony. And the rest was not as benign as the excerpts the ALJ selected.

---

[1] A child is disabled under the Act if he has a "physical or mental impairment, which results in marked and severe functional limitations, and . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). Whether a child meets this definition is determined via a multi-step inquiry. 20 C.F.R. § 416.924(a); *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 486-87 (7th Cir.2007). At the outset, if the child is engaging in substantial gainful activity, his claim will be denied. *Murphy*, 496 F.3d at 633; *Giles*, 483 F.3d at 486. Next, if he does not have a medically severe impairment or combination of impairments, his claim will be denied. *Murphy*, 496 F.3d at 633; *Giles*, 483 F.3d at 486. Finally, the child's claim will be denied unless his impairment meets, or is medically or functionally equivalent to, one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Murphy*, 496 F.3d at 633; *Giles*, 483 F.3d at 486-87.

## C.
## Ms. Harris's Hearing Testimony

Ms. Harris testified that Malik had been suspended from school twice the preceding school year – fourth grade – for talking back to the teacher, refusing to do what she told him to do, and throwing tantrums (R. 331-32). At times, he had to be removed from the classroom. (R. 341). He was also "written up" about two or three times a month, and she would have to go to the school for a conference on each occasion to stave off suspensions for those incidents. (R. 332, 341). These "write-ups" were due to disruptive behavior, talking, refusing to do class work, and negative interactions with other students. (R. 341, 348). Ms. Harris related that, for most of the prior school year, Malik was not allowed to participate in groups of students working together because of his disruptive behavior. (R. 343). After a time, the teachers instituted a point system to monitor his behaviorj: when Malik got sufficient points for good behavior, he was allowed to participate with the other students. (R. 343-44).

Outside of school, Malik had similar problems in group or social situations. He had to be taken out of Little League baseball because he could not focus, sit still, or listen to the coach. He bothered his teammates and would cry or get angry when he couldn't do what he wanted. (R. 340). He had trouble making friends his own age; his closest friend was his cousin who was two years older than him. (R. 340). He seemed to prefer playing with two- to four-year-olds. (R. 340). He did go to boy scouts, but Ms. Harris explained that this was dependent on her being den mother and his grandfather being scoutmaster. Otherwise, Malik would not have participated. (R. 346). Even when playing on his own, Malik would throw tantrums when things did not go his way; he would throw his Game Boy, for example, if he became frustrated. (R. 338).

Ms. Harris testified that Malik had trouble completing even those activities of interest to him when he found them difficult. He became frustrated and angry if something became hard or challenging. (R. 345). Malik became bored very easily as well. (R. 347). When bored, Malik became stubborn and refused to cooperate or to participate in a task or project. (R. 348). He had problems focusing. He could not read for very long, perhaps only a chapter at a time. (R. 339). When doing math homework, he would subtract when the problems called for addition. (R. 339). He was also disrespectful and uncooperative at home. (R. 332-33).

Ms. Harris also told the ALJ about Malik's treatment. He began on the ADHD drug Concerta. (R. 326). But the side effect from that medication was that Malik did not gain weight normally. (R. 328, 335-36). His prescription was switched to Straterra, but this caused him to be emotionally fragile. (R. 336). He would break down and cry uncontrollably at the slightest provocation. (R. 336). He was taken off that and placed on Adderall; but the failure to gain weight was a problem once more. (R. 337). His doctor finally discontinued medication so Malik could gain weight (R. 337), but as a result, he was hyperactive and had worse tantrums. (R. 338). Malik saw a therapist for a while on a weekly basis for anger management, but those sessions were discontinued because of insurance problems. (R. 334).

In all, by far the greater portion of Ms. Harris's testimony painted Malik as rather limited by his ADHD. But the ALJ ignored all of that; he did not mention it, he did not say what he thought of it. And therein lies the necessity for a remand in this case.

## II.
## DISCUSSION

### A.
### Standard of Review

The applicable standard of review of the Commissioner's decision is a familiar one. The court must affirm the decision if it is supported by substantial evidence. 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court may not reweigh the evidence, or substitute its judgment for that of the Social Security Administration. *Berger*, 516 F.3d at 544; *Binion on Behalf of Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). Where conflicting evidence would allow reasonable minds to differ as to whether the plaintiff is disabled, the Commissioner has the responsibility for resolving those conflicts. *Binion*, 108 F.3d at 782. Conclusions of law are not entitled to such deference, however, so where the Commissioner commits an error of law, the court must reverse the decision regardless of the volume of evidence supporting the factual findings. *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007).

While the standard of review is deferential, the court cannot act as a mere "rubber stamp" for the Commissioner's decision. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). In order for the court to affirm a denial of benefits, the ALJ must "minimally articulate" the reasons for his decision. *Berger*, 516 F.3d at 544; *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). This means that the ALJ "must build an accurate and logical bridge from [the] evidence to [the] conclusion." *Dixon*, 270 F.3d at 1176; *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007). Although the ALJ need not address every piece of evidence, the ALJ cannot limit his

discussion to only that evidence that supports his ultimate conclusion. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ's decision must allow the court to assess the validity of his findings and afford the plaintiff a meaningful judicial review. *Scott*, 297 F.3d at 595. In other words, as with any well-reasoned decision, the ALJ must rest a denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade. *Berger*, 516 F.3d at 544. Here, the ALJ failed to provide any analysis of the hearing testimony; he nether specifically said he was discrediting much of it nor explained why. As such, he did not build the requisite "logical bridge" from the record to his conclusion.

## B.
### This Case Must Be Remanded Because The ALJ Failed Adequately To Consider The Hearing Testimony Or Make A Credibility Determination

The ALJ duly focused on, and discussed, much of the record in this case: Malik's grades and progress in academics, teacher's reports on his behavior, and reports from his therapists, counselors, and the consulting psychologist. Overall, his review in that regard was fairly thorough.[2] But there is, as the plaintiff points out, a rather glaring omission. Aside from the ALJ's mention of a few snippets of Malik's grandmother's testimony, one might question whether the ALJ conducted a hearing at all in this case. Moreover, aside from accepting those

---

[2] Because the ALJ's omission of a credibility finding alone necessitates a remand, I need not go into his treatment of Malik's school record and medical evidence in depth. But his treatment of the testimonial evidence does infect other parts of his decision. For example, the ALJ said that Malik no longer takes ADHD medication. (R. 26). He ignores the reason for this, as cited by his grandmother: his physician took him off the medication to allow him to gain weight normally. Under SSR 96-7p, an ALJ must consider the reasons why a claimant might not be taking medication. Also, the ALJ found that Malik had been suspended once from school (R. 25), when he had been suspended twice and subjected to lesser disciplinary action after his grandmother's intervention many times over the course of the preceding school year. These are just two examples of how the ALJ's neglect of the hearing testimony adversely affected the rest of his decision.

one or two snippets, the ALJ provides no inkling as to what he thought about the testimony. In other words, he made no credibility finding in this case.

In a child's SSI case, school and medical records are, of course, exceedingly important. But there is no exemption in such cases from the demands of specific case law – and Social Security Rulings – that an ALJ make a credibility finding, and follow the rules in doing so. *Murphy v. Astrue*, 496 F.3d 630, 635 (7th Cir. 2007). This includes not just statements from teachers, but from parents or guardians – in this instance, Malik's grandmother. *See Murphy*, 496 F.3d at 635 (ALJ had to examine testimony of mother and stepfather). The ALJ acknowledged as much at the beginning of the hearing when he told Malik's grandmother that his "decision is going to be based very much on your testimony and [Malik's] if he . . . offers any." (R. 313).[3] Yet, the ALJ did not follow through with that pledge.

An ALJ is required, at the very least, to consider the entire case record and articulate specific reasons to support his credibility finding. *Golembiewski v. Barnhart*, 322 F.3d 912, 915 (7th Cir.2003); Social Security Ruling (SSR) 96-7p. While an ALJ is not required to provide a "complete written evaluation of every piece of testimony and evidence," an ALJ cannot simply state that an the individual's allegations have been considered or that the individual's allegations are not credible. *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir.2004); *Golembiewski*, 322 F.3d at 915; S.S.R. 96-7p. An ALJ has to make a credibility finding, *Murphy*, 496 F.3d at 635; *Golembiewski*, 322 F.3d at 915, and he has to discuss evidence that goes against his conclusion and explain why he rejected it. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 354 (7th Cir.

---

[3] Malik testified very briefly. (R. 318-19).

2005); *Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005)(". . . regulations and cases, taken together, require an ALJ to articulate specific reasons for discounting a claimant's testimony as being less than credible, and preclude an ALJ from 'merely ignoring' the testimony or relying solely on a conflict between the objective medical evidence and the claimant's testimony as a basis for a negative credibility finding." ).

Here, the ALJ here did not even make a conclusory credibility determination; he made no assessment of credibility. He simply chose one or two sentences from an hour-long hearing that served his purpose and ignored the rest. Clearly, this omission requires that this matter be remanded to the Commissioner for further proceedings.

The Commissioner's brief dismisses the absence of any credibility finding by saying the ALJ "showed that he accepted some of the Plaintiff's grandmother's testimony and statements, but he rejected other statements because they were inconsistent and with the record." (*Commissioner's Cross-Motion for Summary Judgement and Response to Plaintiff's Memorandum*, at 12). The brief goes on to provide examples of how the grandmother's testimony conflicted with the record and where it might be inconsistent. Now that might have been an acceptable analysis had the ALJ provided it. The problem is, he didn't.

Certainly, as the Commissioner suggests, when one reviews the record, and reads the parts of the ALJ's decision where he cites the grandmother's testimony to support his findings, one could come away with the impression that the ALJ found the balance of her testimony not credible. But neither case law nor Social Security Rulings allow for an "implied" credibility finding. *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003); Social Security Ruling 96-7p. Instead, "the cases make clear that the ALJ must *specify* the reasons for his finding so that

9

the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony." *Id.* (emphasis in original); *see also Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002); *Beth v. Astrue*, 494 F.Supp.2d 979, 1003 (E.D.Wis. 2007). The ALJ just did not do that here.

Arguments like the one in the Commissioner's brief have been made before and have been rejected before. In *Golembiewski*, the Commissioner submitted that the ALJ clearly rejected the plaintiff's testimony that he suffered seizures every four days when the ALJ found the plaintiff's seizures to be well-controlled. But the Seventh Circuit ruled that was not an adequate substitute for a specific credibility finding. 322 F.3d at 916. Similarly, in *Steele*, the court was unimpressed with the contention that reference to "'the record as a whole' fills the gaps in the ALJ's analysis." Again, the court required a *specific* credibility determination, explaining that:

> principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ. That is why the ALJ (not the Commissioner's lawyers) must "build an accurate and logical bridge from the evidence to her conclusion."

290 F.3d at 941(citations omitted).

Here, the only discussion of Malik's grandmother's testimony, the only analysis of that testimony and comparison of it and the balance of the record appears in the Commissioner's brief. It might be well-reasoned, but the brief is not before the court for review. "[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ. *Golembiewski*, 322 F.3d at 916. So, as in *Golembiewski*, the Commissioner's efforts to provide a specific, reasoned credibility

finding on the ALJ's behalf are "unhelpful." *Id.*

## CONCLUSION

The plaintiff's motion for remand is GRANTED, and the Commissioner's motion for summary judgment is DENIED. This matter is remanded to the Commissioner for further proceeding consistent with this opinion.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

DATE: 11/24/08